**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THERESA GUEVARA, | Case No: 18-15728 (SDW) (SCM) |
| Plaintiff, | |
| v. | **OPINION** |
| ELIZABETH PUBLIC SCHOOLS a/k/a ELIZABETH BOARD OF EDUCATION, MARIA MOLINA, FRANK CUESTA, KATHLEEN BADALIS, and OLGA HUGELMEYER, | July 18, 2019 |
| Defendants. | |

**WIGENTON,** District Judge.

Before this Court are: 1) Defendant Kathleen Badalis' ("Badalis") Motion to Dismiss Plaintiff Theresa Guevara's ("Plaintiff") Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6); and 2) Defendant Maria Molina's ("Molina") Motion for Judgment on the Pleadings pursuant to Rule 12(c). Jurisdiction is proper pursuant to 28 U.S.C. §§ 1331 and 1367. Venue is proper pursuant to 28 U.S.C. § 1391(b). This opinion is issued without oral argument pursuant to Rule 78. For the reasons stated below, Badalis and Molina's motions are **GRANTED**.

## I. BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is a seventy-one-year-old woman of Spanish descent who was a tenured social worker with Defendant Elizabeth School District ("ESD").[1] (Am. Compl. ¶¶ 4-7, ECF No. 3.) Plaintiff alleges that without reason, in January 2017, ESD requested that she submit to a psychiatric evaluation and transferred her to what is referred to as the "dungeon" or "rubber room." (*Id.* ¶¶ 27-28.) "The 'dungeon' is an uncomfortable room . . . [where] ESD staff are sequestered . . . when there are accusations, investigations, and/or utmost concerns relating to the staff member." (*Id.* ¶ 21.) Located in the basement of ESD's central office, the room is described as "windowless[] and infested with noxious mold." (*Id.* ¶ 22.) During investigations into a staff member's performance or behavior, he or she is restricted to the "dungeon" for the entire workday and is "unable to perform any duties and/or interact with the general ESD population[.]" (*Id.* ¶¶ 23-24.)

At the time Plaintiff was sent to the "dungeon," Defendant Badalis was the Principal of an elementary school within ESD and Plaintiff's immediate supervisor. (*Id.* ¶ 10.) Subsequently, Badalis was promoted to ESD's Director of Staff Development and Innovative Programs. (*Id.* ¶ 11.) Plaintiff alleges that Badalis and/or Defendant Olga Hugelmeyer ("Hugelmeyer"), the Superintendent of ESD, "restricted Plaintiff to the dungeon for an unconscionable protracted period . . . with the intention and hope that such tormenting and hazardous assignment [would] result in Plaintiff's constructive discharge." (*Id.* ¶¶ 15, 30.) Plaintiff also alleges that Defendant Molina, a Human Resources Senior Staffing Assistant in ESD's Human Resources Department, and Defendant Frank Cuesta ("Cuesta"), the Assistant Superintendent and Human Resources Director of ESD, ignored Plaintiff's requests for the

---

[1] Although the caption names "Elizabeth Public Schools" rather than "Elizabeth School District," this Court understands the entities to be the same for the purposes of the Amended Complaint.

2

reason behind her confinement to the "dungeon." (*Id.* ¶¶ 13, 17, 32-33.) Plaintiff claims that she was restricted to the "dungeon" for eighteen months until her constructive discharge on October 1, 2018. (*Id.* ¶¶ 34, 36.)

Plaintiff commenced the instant action against Badalis, Hugelmeyer, Molina, Cuesta (the "Individual Defendants") and ESD (collectively, "Defendants") on November 6, 2018 and filed a nineteen-count Amended Complaint on November 21, 2018 alleging violations of federal and state laws. (ECF Nos. 1, 3.) Between December 2018 and January 2019, ESD, Cuesta, and Molina filed their respective Answers to the Amended Complaint. (ECF Nos. 4-6.) On February 5, 2019, Badalis filed a Motion to Dismiss. (ECF No. 12.)[2] On February 21, 2019, Molina also filed a Motion to Dismiss. (ECF No. 15.)[3]

## II. LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court

---

[2] Plaintiff opposed the motion on February 19, 2019 and Badalis replied on March 21, 2019. (ECF Nos. 14, 23.)
[3] Plaintiff opposed Molina's motion on March 4, 2019. (ECF No. 20.)

must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to show "that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

When examining a motion for judgment on the pleadings under Rule 12(c), the court examines the pleadings in the same manner as it would a Rule 12(b)(6) motion to dismiss. *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008). The court must "view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Id.* Judgment may only be granted if "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Id.* The court may rely only on the pleadings and documents integral to or relied on by the complaint. *Mele v. Fed. Reserve Bank of N.Y.*, 359 F.3d 251, 256 n.5 (3d Cir. 2004).

### III. DISCUSSION

A. <u>Federal Claims</u>

   i. *42 U.S.C. § 1983*

Section 1983 provides in relevant part:

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities

> secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 does not itself create any rights, it merely provides "private citizens with a means to redress violations of federal law committed by state [actors]." *Woodyard v. Cty. of Essex*, 514 F. App'x 177, 180 (3d Cir. 2013); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

### a. Count Thirteen

In Count Thirteen, Plaintiff purports to bring a § 1983 claim against Defendants for violations of 42 U.S.C. § 1981.[4] (Compl. ¶¶ 169-88.) To state a claim under § 1981, Plaintiff must allege the following: (1) that she is a member of a racial minority; (2) that the defendants intentionally discriminated against her on the basis of race; and (3) discrimination concerning one or more of the activities enumerated in § 1981, including the right to make and enforce contracts. *Varughese v. Robert Wood Johnson Med. Sch.*, No. 16-02828, 2017 WL 4270523, at *6 (D.N.J. Sept. 26, 2017) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001)).

"[Section] 1981 can only be violated by intentional discrimination." *Ocasio v. Lehigh Valley Family Health Ctr.*, 92 F. App'x 876, 880 (3d Cir. 2004) (citations omitted); *see also Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 562 (3d Cir. 2002). Intent can "be supported in a number of ways, including, but not limited to, comparator evidence, evidence of similar racial discrimination of other employees, or direct evidence of discrimination from statements or actions by [plaintiff's] supervisors suggesting racial animus." *Varughese*, 2017 WL 4270523, at *6.

---

[4] "[W]hile § 1981 creates rights, § 1983 provides the [exclusive] remedy to enforce those rights against state actors." *McGovern v. City of Phila.*, 554 F.3d 114, 116 (3d Cir. 2009).

Here, Plaintiff alleges that ESD "modified [her] employment contract and/or deprived [her] of the benefits, terms, and conditions of her contractual relationship . . . by exiling [her] to the rubber room/dungeon in an effort to demean, mock and embarrass [her] on account of her race[.]" (*Id.* ¶ 173.) Plaintiff also alleges that the Individual Defendants "intentionally discriminated against [her]" and "interfered with and impaired the benefits and terms of [her] contract with . . . ESD because of [her] race." (*Id.* ¶¶ 175-85.) However, beyond bare assertions and vague legal conclusions, the Amended Complaint does not contain sufficient facts to support an inference that Defendants intentionally discriminated against her based on her race. *See, e.g., Morton v. Arnold*, 618 F. App'x 136, 141-42 (3d Cir. 2015) (affirming dismissal of § 1981 claim where the complaint did not "contain facts supporting an inference that [the plaintiff] was terminated on the basis of race" or "intimate[] why [the plaintiff] believe[d] that race motivated the [defendant's] actions"); *Doe v. Sizewise Rentals, LLC*, 530 F. App'x 171, 174 (3d Cir. 2013) (affirming dismissal of § 1981 claim because the pleadings were "devoid . . . of factual allegations indicating that . . . defendants acted with any racially discriminatory animus"). Because Plaintiff has not alleged facts that would "'nudg[e]' [her] claim of purposeful discrimination 'across the line from conceivable to plausible,'" *Iqbal*, 556 U.S. at 683 (citation omitted), Count Thirteen is dismissed.[5]

  b. <u>Count Fourteen</u>

In Count Fourteen, Plaintiff purports to bring § 1983 claims against Defendants for violations of the Equal Protection Clause of the Fourteenth Amendment. (Am. Compl. ¶¶ 189-

---

[5] This Court notes that although Count Thirteen alleges a violation of § 1981, the cause of action has been brought pursuant to § 1983. (Am. Compl. at 24.) Indeed, the Third Circuit has held that "no implied private right of action exists against state actors under 42 U.S.C. § 1981" and that § 1983 is the "exclusive remedy for violations of § 1981 by state actors." *McGovern*, 554 F.3d at 121-22. Thus, even if Count Thirteen were sufficiently pled, to the extent that it raises a claim that is duplicative of the broader § 1983 claim in Count Fourteen, the former would be dismissed as it is subsumed into the latter. *See, e.g., Scully v. City of Jersey*, No. 15-6100, 2018 WL 6804274, at *10 n.12 (D.N.J. Dec. 27, 2018) (explaining that the plaintiff's conspiracy claim, brought pursuant to § 1981, was subsumed by the plaintiff's § 1983 conspiracy claim).

207.) In particular, Plaintiff alleges that "ESD intentionally discriminated against Plaintiff as a result of her race, gender and age[,]" and that the Individual Defendants discriminated against Plaintiff based on her race. (*Id.* ¶¶ 193, 195, 198, 201, 204.)

"To state a claim under the Equal Protection Clause, a plaintiff must allege that (1) she is a member of a protected class; (2) that she was treated differently from similarly situated individuals; and (3) that this disparate treatment was based on her membership in the protected class." *Knox v. Union Twp. Bd. of Educ.*, No. 2:13-5875, 2015 WL 769930, at *13 (D.N.J. Feb. 23, 2015) (citing *Kasper v. Cty. of Bucks*, 514 F. App'x 210, 214 (3d Cir. 2013)). Here, although the Amended Complaint makes broad assertions regarding age, gender, and race discrimination, it fails to support those claims with concrete facts. Bare allegations that the Individual Defendants "actively participated and engaged in the discriminatory conduct," (Am. Compl. ¶¶ 58, 75, 91), or that the "ESD treated other employees not in the protected class more favorably than Plaintiff[,]" (*id.* ¶¶ 68, 84), without more, are insufficient to state a discrimination claim under the Equal Protection Clause. *See, e.g.*, *Knox*, 2015 WL 769930, at *13 (dismissing claims of race-based discrimination under the Equal Protection Clause because the plaintiff did "not allege specific instances of similarly situated employees being treated differently"). As such, Plaintiff's claims brought under the Equal Protection Clause are dismissed.[6]

Though ESD has not moved to dismiss, Plaintiff's § 1983 age discrimination claim against ESD is precluded because "Congress intended the [Age Discrimination in Employment Act of 1967 ('ADEA')] to be the exclusive remedy for claims of age discrimination in employment."[7] *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 110 (3d Cir. 2014); *see also Williams*

---

[6] To the extent that Plaintiff's hostile work environment claims in Counts Seven, Nine, and Eleven are also brought under the Equal Protection Clause, they are insufficiently pled for the same reasons.
[7] Under the ADEA, employers are prohibited from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because

*v. Pa. Human Relations Comm'n*, 870 F.3d 294, 297 (3d Cir. 2017) ("Congress may choose to foreclose a remedy under § 1983, either by expressly 'forbidding recourse to § 1983 in the statute itself,' or by 'creating a comprehensive enforcement scheme that is incompatible with individual enforcement under § 1983.'" (quoting *Blessing v. Freestone*, 520 U.S. 329, 341 (1997))). Therefore, Plaintiff's § 1983 age discrimination claim must be dismissed.

      c. Count Fifteen

In Count Fifteen, Plaintiff alleges that "Defendants . . . significantly interfered with Plaintiff's vested employment right as a tenured teacher in the State of New Jersey which rose to an actual deprivation of her protected property rights under the 14th Amendment." (Am. Compl. ¶ 211.) Aside from the fact that this is the first instance in which Plaintiff refers to herself as a "teacher" rather than a "social worker," it is unclear whether Plaintiff is alleging substantive and/or procedural due process violations. Though the pleadings allege that Plaintiff "could only be terminated for cause after several administrative procedures" pursuant to "NJSA 18:28-1, et. seq.," (Am. Compl. ¶ 7), no such statute exists.[8] Plaintiff clarifies in her opposition brief that she is only alleging procedural due process violations.[9] (Pl.'s Opp'n Br. at 19, ECF No. 14.) She also indicates in her brief that she was entitled to a notice and hearing pursuant to N.J. Stat. Ann § 18A:6-10. (*Id*. at 18.) A complaint cannot be amended through the brief of a party opposing a motion to dismiss. *See, e.g.*, *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a

---

of such individual's age[.]" 29 U.S.C. § 623(a)(1). Additionally, employers are forbidden from "limit[ing], segregat[ing], or classify[ing] . . . employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect [her] status as an employee, because of such individual's age[.]" *Id.* § 623(a)(2).

[8] It is likely that Plaintiff was referring to N.J. Stat. Ann § 18A:28-1, *et seq*. However, this Court should not have to speculate.

[9] In their briefs, the parties do not dispute that tenured public employment is not a fundamental property interest entitled to substantive due process protection. *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142-43 (3d Cir. 2000) (finding that the plaintiff's tenured public employment was a "wholly state-created contract right . . . [that] bears little resemblance to other rights and property interests that have been deemed fundamental under the Constitution").

motion to dismiss."); *Talley v. United States*, No. 11-1180, 2014 WL 282680, at *5 (D.N.J. Jan. 24, 2014). Because Plaintiff's cause of action in Count Fifteen was ambiguous and subject to substantial clarification in subsequent briefing, it is dismissed as insufficiently pled.

    *ii. 42 U.S.C. § 1985 (Count Nineteen)*

Section 1985(3) creates a private right of action for persons injured by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."[10] 42 U.S.C. § 1985(3). To state a claim under § 1985(3), Plaintiff must allege:

> (1) a conspiracy; (2) motivated by a racial or class based discriminatory animus designed to deprive, directly or indirectly, any person or class of persons to the equal protection of the laws; (3) an act in furtherance of the conspiracy; and (4) an injury to person or property or the deprivation of any right or privilege of a citizen of the United States.

*Pagliaroli v. Ahsan*, No. 18-9683, 2019 WL 979244, at *5 (D.N.J. Feb. 28, 2019) (quoting *Lake v. Arnold*, 112 F.3d 682, 685 (3d Cir. 1997)). "Section 1985 requires a plaintiff to allege that invidious racial, or otherwise class-based, discriminatory animus lay behind the defendants' actions, and [she] must set forth facts from which a conspiratorial agreement between the defendants can be inferred." *Carpenter v. Ashby*, 351 F. App'x 684, 687 (3d Cir. 2009) (citing *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 267-68 (1993)). "[M]ere conclusory allegations of deprivations of constitutional rights are insufficient to state a § 1985(3) claim." *Id.* (citations omitted).

Here, the Amended Complaint states in a conclusory manner that "Defendants conspired for the purpose of depriving Plaintiff either directly or indirectly, Plaintiff's rights of equal protection under the laws of the United States of America," and that Plaintiff's transfer to the

---

[10] The federal statute "does not create any substantive rights, but permits individuals to enforce substantive rights against conspiring private parties." *Farber v. City of Paterson*, 440 F.3d 131, 134 (3d Cir. 2006).

"dungeon" was "in furtherance of such conspiracy." (Am. Compl. ¶¶ 233-34.) It does not allege facts to support an inference that ESD and the Individual Defendants entered into a conspiratorial agreement. *See Voth v. Hoffman*, No. 14-7582, 2016 WL 7535374, at *9 (D.N.J. Apr. 28, 2016) (explaining that civil rights conspiracies require a "meeting of the minds"). Because Plaintiff has failed to provide "some factual basis to support the existence of the elements of a conspiracy, namely, agreement and concerted action," *id.*, Count Nineteen is dismissed.[11]

B. State Law Claims

Although 28 U.S.C. § 1367 permits federal courts to exercise jurisdiction over state law claims, "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Stehney v. Perry*, 907 F. Supp. 806, 825 (D.N.J. 1995) ("[A] federal district court may decline to exercise its supplemental jurisdiction over state law claims if all federal claims are dismissed."), *aff'd*, 101 F.3d 925 (3d Cir. 1996); *Washington v. Specialty Risk Servs.*, No. 12-1393, 2012 WL 3528051, at *2 (D.N.J. Aug. 15, 2012) (noting that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court *must* decline to decide the pendent state claims") (alterations in original) (citing *Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000)) (internal citations omitted). This Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and will therefore dismiss Counts One through Twelve, and Sixteen through Eighteen.[12] Plaintiff may proceed with its claims in state court.

---

[11] This Court notes that Count Nineteen also fails to adequately allege the discriminatory animus that purportedly motivated the alleged conspiracy.

[12] Those claims include: age discrimination in violation of the New Jersey Law Against Discrimination ("NJLAD"), against ESD (Count One); aiding and abetting age discrimination in violation of NJLAD, against Individual Defendants (Count Two); racial/national origin/ancestry discrimination in violation of the NJLAD, against ESD (Count Three); aiding and abetting racial/national origin/ancestry discrimination in violation of the NJLAD, against Individual Defendants (Count Four); gender discrimination in violation of NJLAD, against ESD (Count Five);

## IV. CONCLUSION

For the reasons set forth above, Badalis and Molina's respective Motions to Dismiss are **GRANTED** and the Amended Complaint is **DISMISSED**. An appropriate Order follows.

*s/ Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig: Clerk
cc: Steven C. Mannion, U.S.M.J.
Parties

---

aiding and abetting gender discrimination in violation of NJLAD, against Individual Defendants (Count Six); hostile work environment because of Plaintiff's age, against ESD (Count Seven); aiding and abetting hostile work environment because of Plaintiff's age, against Individual Defendants (Count Eight); hostile work environment because of Plaintiff's race, national origin and ancestry, against ESD (Count Nine); aiding and abetting hostile work environment because of Plaintiff's race, national origin and ancestry, against ESD (Count Ten); hostile work environment because of Plaintiff's gender, against ESD (Count Eleven); aiding and abetting hostile work environment because of Plaintiff's gender, against ESD (Count Twelve); violations of N.J. Stat. Ann. § 10:6-2 (Counts Sixteen and Seventeen); and violations of N.J. Stat. Ann. § 34:19-1 *et seq.* (Count Eighteen). (Am. Compl.)